**NOT FOR PUBLICATION**

FILED
MAR 1 5 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                             Case No. 10-11282-A-13F
                                  DC No. RLF-4
SUSAN LYNN ALDAY and
RUFI VELASCO ALDAY

        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE DEBTORS' OBJECTION TO PRIORITY STATUS OF
CLAIM NO. 10 FILED BY JAMES KINGEN**

A hearing was held on February 17, 2011, regarding the debtors' objection to claim no. 10 of James Kingen. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

Susan Alday and Rufi Alday filed a chapter 13 case on February 10, 2010. On February 24, 2010, they filed their first chapter 13 plan. That plan provided at paragraph 3.17 that priority unsecured claims would be paid in full. Two creditors and the chapter 13 trustee objected to confirmation of that plan, and those objections were sustained. In May 2010, the debtors filed a motion to confirm a modified chapter 13 plan. That plan

provided at paragraph 3.17 that unsecured claims entitled to priority would be paid in full. Section 3.17 listed as a priority unsecured creditor James Kingen with a claim of $6,500. That May 2010 plan was confirmed September 21, 2010.

On December 2, 2010, debtors filed a modified plan. The modified plan provides at paragraph 3.17 that unsecured priority claims will be paid in full. However, no creditors are shown in the plan as having unsecured priority claims. The December 2010 modified plan and the motion to confirm it were served on James Kingen. However, no objection to confirmation of the December 2010 plan was ever filed by Mr. Kingen.

On December 27, 2010, the debtors filed an objection to the claim of James Kingen and a notice of hearing on that objection. The objection stated that the claim of James Kingen is not entitled to priority status under the Bankruptcy Code.

Kingen timely filed opposition to the objection to his claim. In the opposition, he asserted that he had relied on inclusion of his claim as priority in the May 2010 plan. He also stated that he is now on active duty deployment in the United States Armed Forces and believes that the objection to his claim was timed to coincide with his deployment on active duty. His opposition to the objection to his claim makes numerous other statements about the debtors and their financial situation, which are not relevant to the court's decision here.

Kingen filed his claim on March 29, 2010. The claim is for a money judgment in the amount of $6,283.13. The award of the money judgment arose in connection with the marital dissolution of Susan Alday and James Kingen. According to the attachment to

1 the proof of claim, Susan Alday was to return to James Kingen
2 certain separate personal property. Because she failed to do so,
3 he eventually got a money judgment against her. Mr. Kingen
4 asserts in his claim that this judgment should have priority
5 status.
6      A review of the proof of claim does not indicate any ground
7 for assigning it priority status. Bankruptcy Code § 507(a)(1)
8 provides for priority status to unsecured claims for domestic
9 support obligations. There is no assertion here that the Kingen
10 claim is for a domestic support obligation. If it has any status
11 other than simply a claim for money judgment, it might
12 potentially be a claim of the kind specified by Bankruptcy Code
13 § 523(a)(15). Kingen so states in his opposition to the
14 objection to his claim. However, claims of the sort described in
15 § 523(a)(15) are dischargeable in chapter 13. See, Bankruptcy
16 Code § 1328(a)(2). They are not priority claims under § 507.
17      The debtors and their attorney have asserted that the timing
18 of the objection to claim is completely unrelated to Mr. Kingen's
19 deployment on active duty. They have filed declarations to that
20 effect.
21      The issue thus can be stated as follows. First, based on a
22 review of the proof of claim, there does not appear to be any
23 legal justification for it to be classified as a priority claim.
24 It is simply an unsecured claim. At the same time, the chapter
25 13 plan filed in May 2010 specifically denominated the claim as a
26 priority unsecured claim, and Mr. Kingen, now deployed on active
27 duty in the service of his country, has stated that he relied on
28 that description. Under those circumstances, should the

1   objection be sustained?

2   The only ground on which Kingen could argue that his claim
3   should be a priority claim is that the May 2010 plan treated the
4   claim as a priority claim.  Kingen argues that he relied on that
5   treatment.  That plan was confirmed.

6   In a slightly context, courts have denied modifications of
7   chapter 13 plans to reduce payments to particular creditors
8   "based on assessment of the debtor's good faith, sincerity, and
9   intentions."  Keith M. Lundin, Chapter 13 Bankruptcy 3d ed.
10  ¶ 265.1 (2000 & Supp. 2004).  While the objection is not a
11  modification of the plan (that was already accomplished without
12  objection by Kingen), it has the same effect as far as Kingen's
13  claim is concerned.

14  The doctrine of judicial estoppel may apply.  That doctrine
15  generally "precludes a party from taking an advantage by taking
16  one position, and then seeking a second advantage by taking an
17  incompatible position."  In re Pich, 253 B.R. 562 (Bankr. D.
18  Idaho 2000).

19     "The policies underlying preclusion of inconsistent
       positions are general considerations of the orderly
20     administration of justice and regard for the dignity of
       judicial proceedings . . . . Judicial estoppel is intended
21     to protect against a litigant playing fast and loose with
       the courts . . . . Because it is intended to protect the
22     dignity of the judicial process, it is an equitable doctrine
       invoked by a court at its discretion. (emphasis deleted)
23

24  Id.

25  For the foregoing reasons, the court concludes that it would
26  be inequitable to sustain the objection to the priority status of
27  Claim No. 10 at this time.  Therefore, based on the foregoing,
28  the objection to priority status of Claim No. 10 will be

overruled without prejudice, subject to reconsideration at such time as Mr. Kingen is released from active duty deployment status and is available to litigate this matter.

A separate order will issue.

DATED: March 15, 2011.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court